UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROSE ANN MOORE,

        Plaintiff,

vs.                                 Case No.: 8:06-CV-01319-JDW-EAJ

HILLSBOROUGH COUNTY
BOARD OF COMMISSIONERS,

        Defendant.

_____/

## ORDER ON MOTION FOR PARTIAL DISMISSAL

**BEFORE THE COURT** is Defendant's Motion for Partial Dismissal (Dkt. 5) and Plaintiff's Memorandum of Law in Opposition (Dkt. 8). Upon consideration, Defendant's Motion for Partial Dismissal (Dkt. 5) is **DENIED**.

### Background

Plaintiff filed a Complaint in this Court seeking relief under the Americans With Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12101 et seq., Florida's Civil Rights Act (FCRA), Florida Statute §§ 760.01 et seq., and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. (Dkt. 1). Plaintiff alleges that Defendant discriminated against her because of her disability by failing to provide reasonable accommodations and by terminating her employment in violation of the ADA (Count I). Plaintiff alleges that Defendant discriminated against her because of her disability by terminating her employment in violation of FCRA (Count II). Plaintiff further alleges that Defendant retaliated against her after she complained of the discrimination by terminating her employment in violation of Title VII (Count III) and FCRA (Count V [sic]).

## Discussion

Defendant contends that prior to filing suit, Plaintiff appealed her dismissal from employment to the Hillsborough County Civil Service Board and requested reinstatement and back pay. (Dkt. 5). According to Defendant, the Board could reinstate Plaintiff to her position only if "it [found] that the suspension, demotion, or dismissal was made for a reason other than just cause."[1] (Dkt. 5). The Board affirmed Plaintiff's dismissal. Defendant contends that Plaintiff's failure to appeal the Civil Service Board's final order to the State Circuit Court forecloses Plaintiff from "later seeking relief inconsistent with that order" and asserts that Plaintiff is precluded by *res judicata* from seeking reinstatement and back pay relief or any other relief related to her termination in this Court.[2]

Plaintiff responds that her allegations are sufficient under the notice pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Plaintiff further responds that she is entitled to a jury trial, that the Civil Service Board did not even conduct an evidentiary hearing, and that the Civil Service Board did not have the power to award compensatory damages to Plaintiff.

A court may grant a motion to dismiss "only when the defendant demonstrates beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Chepstow Ltd. v. Hunt*, 381 F.3d 1077, 1080 (11th Cir. 2004) (internal quotation omitted). The court will accept as true all well-pleaded factual allegations and will view them in a light most favorable

---

[1] The Court notes that the Civil Service Board's "Final Summary Judgment" attached to Defendant's Motion to Dismiss concludes that because the Appointing Authority established that Plaintiff violated Civil Service Rules, the Appointing Authority was entitled to summary judgment pursuant to Civil Service Rule 15.15(a), which provides that "[i]f that conduct which occurred establishes a violation of at least one of the Civil Service Rules of the Hillsborough County Civil Service Board, the action taken must be upheld in its entirety." The Board does not mention any alleged discrimination on the basis of disability in its Final Summary Judgment Order.

[2] Defendant is not seeking dismissal of Plaintiff's reasonable accommodations claim because the Civil Service Board did not address this issue.

2

to the nonmoving party. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). The threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim. *United States v. Baxter Int'l, Inc.*, 345 F.3d 866, 881 (11th Cir. 2003). Federal Rule of Civil Procedure 8 requires only that Plaintiff provide a short and plain statement of the claim showing that she is entitled to relief. A plaintiff is not required to "allege a specific fact to cover every element or allege with precision each element of a claim." *Roe v. Aware Woman Center for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). Regardless of the alleged facts, however, a court may dismiss a complaint on a dispositive issue of law. *See Marshall County Bd. of Educ. v Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

Here, Defendant admits that there has been no state court review of the Hillsborough County Civil Service Board's decision affirming the termination of Plaintiff from her employment. Accordingly, Plaintiff is not precluded by the decision from bringing her retaliation claim under Title VII (Count III). *University of Tennessee v. Elliott*, 106 S. Ct. 3220, 3225 (1986) ("we conclude that . . . Congress did not intend unreviewed state administrative proceedings to have preclusive effect on Title VII claims"); *Bishop v. Birmingham Police Dept.*, 361 F.3d 607, 610 (11th Cir. 2004) ("[w]e have consistently recognized *Elliot's* conclusion that Congress did not intend unreviewed state administrative proceedings to have preclusive effect over Title VII claims"); *Crapp v. City of Miami Beach*, 242 F.3d 1017, 1021-22 (11th Cir. 2001); *see also Tuma v. Dade County Public Schools*, 989 F. Supp. 1471, 1473 (S.D. Fla. 1998) ("[a]lthough the party claiming discrimination need not seek an appeal of the administrative decision, if she chooses to do so she is bound by the state court's judgment"). The reasoning of the above cited cases applies equally to Plaintiff's discrimination claim brought under the ADA (Count I). *See Pernice v. City of Chicago*, 237 F.3d 783, 787 n.5 (7th

Cir. 2001) (citing *Thomas v. Contoocook Valley School Dist.*, 150 F.3d 31, 40 n.5 (1st Cir. 1998)).

Further, Title VII case law is applicable to FCRA claims as FCRA was modeled after Title VII. *Castleberry v. Edward M. Chadbourne, Inc.*, 810 So. 2d 1028, 1030 (Fla. 1st DCA 2002); *Harper v. Blockbuster Entertainment Corp.*, 139 F.3d 1385, 1387 (11th Cir. 1998). The Court in *University of Tennessee v. Elliott*, 106 S. Ct. 3220, 3224-25 (1986) reasoned, in part, that Congress did not intend unreviewed state administrative proceedings to have preclusive effect on Title VII claims because Congress, in drafting Title VII, required the EEOC to give only substantial weight to final findings and orders made by state or local authorities in proceedings commenced under State or local law. FCRA contains a similar provision requiring the Commission to give only substantial weight to findings and conclusions of an agency having authority to investigate a complaint. Fla. Stat. § 760.11(2). Accordingly, Plaintiff's discrimination and retaliation claims under FCRA (Counts II and IV) based on her termination are similarly not precluded.[3]

Defendant has failed to establish that the proceedings before the Civil Service Board preclude Plaintiff from bringing her claims in this action. Accordingly, it is

**ORDERED AND ADJUDGED** that Defendant's Motion for Partial Dismissal (Dkt. 5) **DENIED.**

**DONE AND ORDERED** in chambers this 21st day of March, 2007.

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Counsel of Record

---

[3] Defendant's reliance on a footnote in Justice Ginsburg's concurring opinion in *United States Postal Service v. Gregory*, 543 U.S. 1 (2001) is inapposite. There, the Court looked at whether the Merit Systems Protection Board ("MSPB") could consider prior disciplinary actions pending in grievance proceedings when reviewing a termination. *Id.* at 3. Justice Ginsberg's opinion references a 1970 Supreme Court opinion, *New Haven Inclusion Cases,* 399 U.S. 392, 481 (1970), when stating that "[i]t is well settled that one who fails timely to appeal an adverse decision is bound by that decision in later proceedings." Neither case deals with the preclusive effect of an unreviewed administrative decision on a subsequent claim filed under Title VII, the ADA or FCRA, as discussed above.